IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN L. LOW, | § | |
| TDCJ-CID NO. 01397229, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-4637 |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner John L. Low, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2006 state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.    PROCEDURAL HISTORY

Petitioner reports that on October 2, 2006, he was convicted in the 9th Criminal District Court of Montgomery County, Texas, of aggravated assault in cause number 05-05-04629, pursuant to a guilty plea, and was sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on April 23, 2008. *Low v. State*, No. 09-06-00512-CR, 2007 WL 2200010 (Tex. App.—Beaumont, 2007, pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became

final for purposes of federal habeas corpus review on or about July 28, 2008. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed two state habeas applications. The first application, filed on May 20, 2009, was denied without written order on November 18, 2009. (Docket Entry No.1-4, page 12). The second, filed on July 23, 2010, was dismissed on September 22, 2010, as an abuse of the writ. (Docket Entry No.1-4, page 10).

Petitioner executed the pending federal petition for a writ of habeas corpus on November 9, 2010. (*Id.*). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. He is actually innocent,

2. He was denied the effective assistance of counsel at trial and on appeal;

3. He was denied the right to confront his accuser;

4. He was denied a fair trial when the state court refused to rule on his discovery motion, thereby depriving him of exculpatory evidence; and,

5. He was deprived of his rights under the Fifth Amendment when the prosecution and the state court amended the indictment.

(Docket Entry No.1).

II. ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period

began on July 28, 2008, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on July 28, 2009.

Petitioner's first state habeas petition, pending in state court from May 29, 2009, to November 18, 2009, tolled the limitations period for 182 days, thereby extending the AEDPA limitations period until January 26, 2010. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999). Petitioner's second state habeas application, which was filed on July 23, 2010, after limitations expired, did not toll the AEDPA limitations periods. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner's federal petition, executed in November 2010, therefore, is untimely.

In his memorandum in support of his federal habeas petition and in response to the Court's Order of January 21, 2011, petitioner maintains that his petition is not time-barred because the Texas Court of Criminal Appeals "denied" both of his state habeas applications without written order and therefore, did not relinquish jurisdiction over the applications. (Docket Entries No.1, No.11). Petitioner, however, attached a card that he received from the Texas Court of Criminal Appeals, which shows that his second state habeas application was dismissed as an abuse of the writ. (Docket Entry No.1-4, page 10). Even if the state habeas application had been denied on the merits, petitioner filed it on July 23, 2010, months after the AEDPA deadline

expired in January 2010. Therefore, the pendency of the second state habeas application before the Texas courts could not toll the AEDPA limitations period.

Petitioner maintains that because his first state habeas application was denied without written order, it was not denied on the merits, and therefore, he was not precluded from filing a second state habeas application, by which the Texas courts retained jurisdiction over his case. (Docket Entry No.11, page 1). Petitioner, however, has not shown that his first state habeas application was denied on procedural grounds, and his pleadings do not support such a finding. Even though the denial of petitioner's application does not contain a written opinion, such denial under state law is an adjudication on the merits and therefore, entitled to AEDPA's deference. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Neal v. Puckett*, 239 F.3d 683, 868 (5th Cir. 2001) (holding that '[i]n the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural'); *but see Hartfield v. Quarterman*, 603 F.Supp.2d 943, 953-54 (S.D. Tex. Feb. 25, 2009) (noting that to determine the nature of a denial, under state law, the district court must look beyond mere labels to the substance of the action taken).

In this case, petitioner's federal petition and the exhibits attached to it show that petitioner raised substantive (and some duplicative) issues in his state habeas applications. (Docket Entries No.1, page 3; No.1-4, pages 4, 7). The Texas habeas courts denied petitioner's first application and dismissed the second pursuant to Article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure. (Docket Entry No.1-4, page 10). Under state law, "the denial of a frivolous initial writ application under Article 11.07 acts as a bar to filing any further writ applications, except in those few extraordinary situations set out in Article 11.07, § 4." *Ex parte*

*Jones*, 97 S.W.3d 586, 589 (Tex. Crim. App. 2003). In light of petitioner's pleadings and the disposition of his state habeas applications, the Court finds the denial of petitioner's first state habeas application without written order by the Texas Court of Criminal Appeals is substantive and therefore, a final adjudication of his claims on the merits for purposes of the AEDPA.

To the extent that petitioner asserts that he is entitled to equitable tolling because he was diligent in pursuing post-collateral relief, he fails to explain the delay in filing his federal habeas petition. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "[E]quity is not intended for those who sleep on their rights." *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). Petitioner has not met his burden.

Moreover, petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher*, 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

        Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C.§ 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

        The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 12th day of April, 2011.

                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE